highway, but is the very purpose for which the highway was established, namely, "to facilitate travel and transportation." 48 Ohio St., 426.

It follows therefore, from the foregoing that the legislature, having the power to regulate the use of the public highways, did not exceed its powers in enacting the law of 1894.

The only remaining question is, is the board of county commissioners the "public authority in charge of or controlling this highway," as required by sec. 2, of the act of 1894.

This question the court answers in the affirmative.

The board of commissioners is the representative of the sovereignty of the state in the establishment and maintenance of all state and county roads. No such road can be established, altered or vacated without its consent. It, only, is authorized to sue for and collect damages to such roads in every case which the court has examined, in which the right to use a public highway for street railway purposes is referred to, outside of municipalities, the right is always spoken of as having been granted by the board of commissioners. In no case examined by the court is the point directly decided. All references to the subject are purely incidental, and in a manner seeming to imply that it is undisputed.

Apart, however, from all this, the statute expressly provides, that "the right to construct or extend such railway within or beyond the limits of a municipal corporation can be granted only by the council thereof, and the right to construct such railway within or beyond the limits of an unincorporated village can be granted only by the county commissioners."

The authority conferred on township trustees by secs. 4889 and 4891, relied upon by plaintiff's counsel, has reference solely to the repair of the roads specified, and those sections confer no power or authority for any other purpose. This construction gives full effect to sec. 3438, 4889 and 4891.

Any other interpretation would violate one of the canons of the construction of statutes, namely, that effect must be given, if possible, to every section, sentence, line and word of a statute.

The temporary injunction heretofore allowed is vacated and dissolved, and the petition is dismissed.

Defendant not having the necessary written consents on November 14, 1896, plaintiff brought this suit rightfully.

Defendant is ordered to pay costs.

---

(Clark County, O., Probate Court.)

IN RE CLINTON CANADY BY J. MILTON CANADY.

Application for guardian—

1. The Probate Court cannot appoint a guardian for an idiot, unless such idiot has resided within the county over which the court has jurisdiction continuously for a period of at least twelve consecutive months, or has come into such county with his father, or some one having legal control over him, with the intention of making it his permanent place of abode.

2. Legal settlement in sec. 6302, Rev. Stats., means a continuous residence within the county for twelve months.

ROCKEL, J.

Clinton Canady is what might be termed in law, an idiot, although not without some reason and capacity to take care of himself. His reasoning and will power, however, are very weak. He is now about 37 years of age. He was born and reared in Champaign county, Ohio, and resided there with his mother, his surviving parent, until her death in February, 1893, and thereafter for about one month with a sister living there. Having become dissatisfied at his sisters, he procured some one to write a letter to his brother, J. Milton Canady, a resident of this county, acquainting him with his dissatisfied condition.

Thereupon J. Milton Canady went to see him, and brought Clinton Canady to his home in Clark county, Ohio.

There seems to have been no compulsion about this, but that it was at the desire of Clinton himself. Since which time for the period of two months, he has been at his brothers. He owns property situate in Champaign county, to the value of $500.00, acquired by deed of gift from his mother. To his sister he expresses a willingness to return to his former home, to his brother, a desire to remain with him, to the court when asked where he desired to say, parrot like responded, "Clark county."

Having the property before mentioned, an application was made in the court for the appointment of a guardian. This application is resisted on the ground that Clinton Canady is not "a resident of this county," nor has he a legal settlement in any township thereof," within sec. 6302 Rev. Stats., and this court is therefore without jurisdiction in the matter. There can be no doubt but that this is a jurisdictional question, and that without a finding that Clinton Canady is a resident of this county or has a legal settlement in some township thereof, no legal appointment can be made.

Two months ago, Clinton Canady was a resident of Champaign county, an idiot under the legal control of no one. If not still a resident of that county, he, or some one having legal control over him, must have done something to have lost it. A change of residence denotes the fulfillment

of an intention. It implies an exercise of the will.

Clinton Canady himself being an idiot, it is presumed could not form such intention, or exercise such will power. and having neither father or mother, or legal guardian, there is no one who could legally form it for him.

Can it be said that merely because he has been in this county for two months, without fear or compulsion, and having no family, stopping place or home, elsewhere, that therefore he has a legal residence here. I think not.

In Payne v. Town of Denham, 29 Ill.,128, it is said: "The term residence mentioned in this chapter, shall be taken and considered the actual residence of the party, or the place where he or she was employed, or in case he or she was in no employment, then it shall be considered and held to be where he or she made it his or her home. In most instances there can be no difficulty in applying these provisions of the law, in the light of which the statute must be read, in order to give it its legitimate office. One of these is, that an idiot can acquire no residence or settlement in any place, by virtue of his or her own acts, for an idiot is incapable of exercising a will or doing any act binding on himself or others. His residence or settlement must be derived from his father, or those having the paramount right to control him."

Not being a resident of Clark county, has Clinton Canady a legal settlement within any township in this county?

A legal settlement as in sec. 6203 used, in my opinion, means a continuous residence within the county for the period of twelve consecutive months. It is so defined in sec. 1492, in relation to pauper relief, and being an old phrase, for many years found in our statute law, it is fair to presume that the legislature intended it to have the meaning here that they elsewhere declared it to have.

I am confident that this court cannot appoint a guardian for an idiot unless the idiot has resided within this county continuously for a period of at least twelve months, or has come into the county with his father or some person having legal control over him, with the intention of making this his residence. Whether in a case like the present, a continuous residence in this county for twelve consecutive months, would give the court jurisdiction to appoint a guardian, is not so certain, yet I am inclined to think it would. But such action should be taken with great caution and solely to subserve the interests of the unfortunate person for whom the application is made.

The object of the law in requiring the appointment to be made in the county in which the person for whom the appointment is sought, resides, or has a legal settlement, is that it be made where it is most likely that persons having an interest in such appointment or the welfare of such unfortunate person will have notice of such proceedings, and may take such steps as will prevent an injustice being done. It is to prevent the spiriting away of such weak minded person, from his relatives or friends, to strangers, and there make an application, which by reason of no one to defend, might result in a great wrong. This court is, or at least should be, the special protector of such persons. The applicant should come into court with clean hands, and convince the court that his action is solely promoted by a feeling and purpose to do that which is for the best interest of the person for whom the application is made.

But these matters are not pertinent to the decision of this case, for I am clearly convinced that Clinton Canady is not a resident of this county, nor has he a legal settlement in any township thereof. The application will therefore be dismissed.